Mary Fortier, Defendant in Error, v. Kazimir Ulatowski, Plaintiff in Error.

Gen. No. 15,569.

MUNICIPAL COURT—*when judgment not disturbed.* The Appellate Court will not reverse a judgment of the Municipal Court if it is satisfied that substantial justice is done thereby.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

STEPHEN JANOWICZ, for plaintiff in error.

GEORGE E. GORMAN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Plaintiff in error, Kazimir Ulatowski, defendant below, hereinafter called the defendant, on July 9, 1909, the time of the injury complained of, was the owner of a six flat building known as No. 8833 Exchange avenue, Chicago. Defendant in error, plaintiff below, was the wife of a tenant who occupied one of the rear flats. Three of the flats were in the rear part of the building, and three in the front. Ingress to and egress from some of the flats were through a door which did not front or abut on a public street. Extending along the south side of the building in which this door was situated was a board walk three feet wide, and three feet from the ground, supported by posts and stringers.

The plaintiff while passing along this board walk, stepped upon one of the boards which broke causing her to fall, and she received the injuries for which she brought the action. The trial resulted in a judgment for $3500 against the defendant.

It is urged as a ground for reversal of the judgment that the plaintiff is not entitled to recover on the statement of claim filed. The statement is not set out in the abstract of record, and under the rules we might ignore the point for that reason. The statement of claim, however, as set out in defendant's brief, is admitted to be correct by plaintiff's counsel. As quoted we think it is sufficient to sustain the judgment.

It is urged that the plaintiff was guilty of contributory negligence. This was a question for the jury under the evidence and we see no reason for disturbing the verdict on that ground.

Upon an examination of the evidence we cannot say the verdict is excessive. The evidence tends to show that the de-

fendant was negligent in not maintaining the sidewalk in a proper condition.

The judgment is affirmed.

*Affirmed.*

MUNICIPAL COURT—*when judgment not disturbed.* The Appellate Court will not reverse a judgment of the Municipal Court if it is satisfied that substantial justice is done thereby.

